## O. W. (RED) PIXLER v. STATE.

No. A-8371.  Aug. 16, 1932.
(13 Pac. [2d] 875.)

R. N. Linville, for plaintiff in error.

J. Berry King, Atty. Gen., and Gus Rinehart, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Beckham county on a charge of having the unlawful possession of whisky, and was sentenced to serve a term of 90 days in the county jail and to pay a fine of $200.

At the time charged, officers with a search warrant searched the residence of defendant and found about three quarts of whisky. Defendant moved to suppress the evidence for the reason that the affidavit for search warrant and the search warrant failed to describe the premises searched. The affidavit and warrant describe the premises as a building:

"On the northwest Cor. in Block 'A,' Robinson Addition in the City or Town of Elk City (Cor 9th & Oliver Sts. Beckham county, state of Oklahoma.)"

The proof is conclusive that defendant resided on and the building searched was on lot 22 of block A, which is near the center of the block. The proof is that by the original plot block A was a part of a tract without streets and not subdivided into lots; thereafter it was by a revised plat modified in area, and Ninth street and Oliver street crossed near the center of the block. The description does not conform to the requirements of section 3223, Okla. Stat. 1931, which requires that a search warrant shall describe the place to be searched as particularly as may be.

Also there is error in instruction No. 5, wherein the court tells the jury that, if they find defendant had possession of the whisky charged, they should find him guilty, which instruction omits the material element that the pos-

session must have been with intent to sell, barter, or give away. However, no exception was reserved to this instruction.

The case is reversed.